Jason Carr, Your Honor, is appearing on behalf of Appellant Mr. Mark Chanley. This case, this appeal, is a story about something potentially lost. But not just something. Something very powerful. A little piece of defense counsel gold, I should say. Or I shouldn't say, but that's the way it has to be described, because aside from all the procedural issues, the storm and fury, the distractions, the deficiency, all the horror that is this trial court record, and it really is a horror, underneath it all is a quite powerful Frank's issue. In fact, this Frank's issue is the best Frank's issue I have ever seen. Now, admittedly, I've only been doing this 13 years, but I do quite a number of appeals, and I've never seen a Frank's issue that is as powerful as this one. And that's important to keep light of, in my estimation, when we look at the procedural default aspects of this case. Now, the government, in their briefs, the answering brief, they want to turn this into an ineffective assistance of counsel case, which I suppose is a good tactic on their part, because the last thing in the world they want this court to do is to look at this search warrant affidavit, because it is a travesty. It is, and I'll be anxious as a sideline to see if the government is going to get up here and say that they're going to stop this detective one way or the other from doing this anymore, because certainly if there ever is an instance for the prophylactic function of the rule of exclusion, it is a situation where an officer is either through ignorance or deliberately misleading judges into issuing search warrants. And once again, in this case it's very easy to prove that the detective did that. I have a question. Isn't there a procedural impediment to granting a Franks hearing at this point? Oh, not just one, but many. Okay. So let's start with the most obvious, the untimely motion to suppress. Well, it is, in essence, we would argue that there was good cause to excuse that, but there's a lot of reasons. What's the good cause? Oh, well, the good cause is, Your Honor, and this tale, I mean, if you look at the record you will see that Chanley, as years go by, is constantly complaining about the fact that this issue has not been ever addressed. Doesn't that dovetail into the ineffective assistance of counsel? Right, but ineffective assistance in this case is only good cause to excuse the default. There's a default here, a procedural failure to follow the rules, and the rules themselves, whether you use 59 or 12E, and in the final analysis, I think Federal Rule of Criminal Procedure 12E is the better rule to use here, and I'll explain why in a moment. But in the final analysis, the test is the same, good cause. Right. And good cause is, in essence, an equitable doctrine. The problem is, though, that kind of injects us to the ineffective assistance of counsel determination that we can't do on direct appeal. Well, but that's what the government wants to confuse you with. Exactly. Because what the court needs to do, what the court, in essence, needs to do first to get to the substantive issue, we need to excuse the failure to follow the procedural rules. Absolutely. And one of the ways you could do that is by saying, you know, that the defense counsel, the first defense counsel who I'm quite familiar with through history of doing his appeals, anyways, he made some strategic, not strategic, he made just blatant errors that cannot be explained in any way. But second of all, and this is maybe a more important way to look at this, if you look at this record, Chanley claims, and this starts on page 189 of the record, Chanley is complaining about the fact that he never got discovery in this matter. And, in fact, that is actually verified earlier in the record where Don Green, on pages 105 to 107 of the record, says, in fact, do not give Chanley discovery. Later on, Chanley, and then we're talking, this is two years after he's been sitting in an administrative seg for, which is a horrific thing to do to a client, but I won't get into that. He's in, two years later, he goes to court and he says, I've never got the discovery still, in particular, on page 189, 183, thereabouts, I have not received a discovery about the letters and the pictures that are mentioned in this search warrant affidavit because I think the officer lied in that affidavit. And I want that discovery so that motion can be preserved. Meanwhile, successive counsel, which is the FPD, is saying the same thing to the courts many times, saying this Franks issue was not litigated right, the defense attorney did not file objections under Rule 59 of the Cases of Postings. There's absolutely no way you can explain that. Please, in fact, they say they beg the court, please let us preserve this issue. And that's on page 240. Let us go back and preserve this Franks issue. I'm begging you, court. It's so important. The problem is it was untimely at that point. Oh, but so we have to get back to the good cause. Which takes us back to the ineffective assistance of counsel, which is more properly done through habeas than direct appeal. But let's think about that from a practical standpoint, because I do post conviction. If I did this 2255 motion, what I would say is ground one would be the Franks issue, the exact same Franks issue that's in this direct appeal. Ground two would be IAC for trial counsel for failure to adequately litigate that issue in the trial court. And to prove IAC, I have to prove deficient performance and prejudice. What would my prejudice be in this case? That the Franks issue is valid. So one way or the other, the court's going to need to come back and have an evidentiary hearing on whether the Franks issue is valid. Judicial autonomy. Well, maybe and maybe not, but procedurally we have to take it in the proper order. So if the court on habeas may or may not agree with you that there was ineffective assistance of counsel that was prejudicial, that seems to be the determination upon which all of this hinges. But on direct appeal, it's difficult for us to resolve that. I see that, Your Honor. But I think, once again, that because they're similar inquiries, the good cause inquiry is being melded into the ineffective assistance, and I would reject that. That under this record, the trial record as we see here, without getting into any further factual development, there is very strong grounds for good cause to excuse the untamely filing in this record. Did you argue that to the district court, that there were good grounds? Yes, we did, repeatedly. And so what was the district court's response to that? The district court, and the key orders on this, and in fact, the key order, in my opinion, is the order on CR 134. What's that in the excerpts? You know, there's a mistake, and that just didn't get into the excerpt, because it is an order regarding Chanley's pro se motion that kind of fell through the cracks until it came up on the reply brief. And it's important. What's the answer? It's not in the record? Is that what you're saying? It's CR 134. It's an order, but it did not make it into the excerpts for reasons I don't understand.  So that was the order of the district court on your good cause argument? Okay. Now, it's one, it's, in my estimation, I probably answered that question badly. In my estimation, it's probably, it's not exactly that order, but it's the most important order in this case, because it's the order that directs, that is directed toward Chanley's efforts. Eventually, Chanley, in 2009, December 2009, when he finally is allowed to represent himself and gets to discovery, within a week of this, he files his Franks motion, which is my good cause argument. But anyways, the judge. Here's my question. My question was, did you make the good cause argument to the district court? Your answer was yes. Yes. My question was, what was the district court's response to your argument? So that's what you're answering right now. Okay. So that's my question. My question is, what did the district court rule on your request for good cause exception to the untimely motion to suppress? The key order on that would be, and this would be after Frankoff filed his appeal, of the order denying, this is the actual objection to the good cause denial, to re-litigate the issue. And that starts on page 222. That's the appeal. And the order that's actually entered into it comes thereafter on page 221. Of the record. And so what's the appeal, excuse me? There's so many orders in this case that, okay, basically what the judge eventually says, and 221 is one of the orders, and then we file, again, another appeal. And then there's an oral hearing. Okay. Wait a second. Let's look at 221. Which one of those orders was on the good cause exception issue? The actual order, the motion, Your Honor. I'm looking for the order right now. 221 is an order. That is a different order, though. Okay. It's hard to pin you down. Okay. So where is the motion, then? Where is the motion? The motion begins, okay, one of the final motions on this issue, please let us litigate this, is on 220. That's where that motion begins. And then they could, does it contain the good cause argument you're making here? Yes. And then a more oral argument appears on this on. 220 is Henderson Police Department search warrant return. Excerpts of record 220? Excerpts of record 220. I'm sorry. E-O-R-220? Right. That's Henderson Police Department search warrant. 222. P-O-L-E-M-A-S-S-T-R-E-A-T-E-R-T. Judge's order. Okay. That doesn't tell us much. Okay. Go ahead. Okay. Your Honor, it comes up over and over again on 232 if there's an oral hearing where they're arguing about the good cause. And then it comes up again on page, once again, we have the begging, the court begging us for good cause so we can relitigate this issue on 240, more good cause argument on 241. On page 245, the defense counsel says, please let us relitigate this issue because it makes absolutely no sense that the prior attorney didn't properly litigate the issue or file the right of objections. And then it gets even more illuminating because Chanley starts talking about the discovery issue on 262 about this Franks issue that I don't have. I never have seen the discovery on this. And then the court starts talking to Chanley about the issue and basically tells him that, Chanley, on 262, 263, that it doesn't really matter that you didn't preserve this that you can bring, I have a lot of discretion and I can listen to it any time. Because Green talks in there about the fact that he didn't file, I'm sorry, I got the wrong pages. He says Green on page, back to the other hearing, Green on pages 181 to 182 talks about how he doesn't have any excuse for not filing the objections. And then the judge tells, affirmatively tells Green that it doesn't matter on page 183 that Green didn't file the objections because I have discretion to hear that issue at any time. But then later on, we. Isn't that to magistrate judges' report and recommendation, not to the motion to suppress? No. This is a hearing, Your Honor, on the fact that this is a, partly on page 183, this hearing is about partly conflicts with counsel. And Chanley is saying Green never filed objections to this motion, and I want this fixed. And Green is saying I don't have to file motions, which is completely wrong. And the judge says, yes, it's fine, you didn't file objections. And he tells Green that. Oh, they're talking about the magistrate judge ruling. On 183. On 181. They're talking about the magistrate judge ruling. That was the context of that discussion. Right. But the point is, is that Chanley was somewhat affirmatively misled that the issue was still alive. And then later on in the record, we many times, as we've just talked about, 232 to 333, we talked, we asked for in 240 and in motions again and again, we asked to revive the issue, and the Court wouldn't allow us to do it. Did you want to save some time for rebuttal? I did. All right. We'll hear from the Governor. Your Honors, may it please the Court, Adam Flake for the Government. First of all, I never know if Mr. Carr is joking. I'm certainly not trying to confuse the Court in any way, shape or form, and I'm certainly happy to answer any questions that the Court may have. If I could just point out that the, I think that the procedural issue is key. You know, there's a lot of talk around the periphery, but the bottom line is, there's no way to address this claim if there's not a showing of ineffective assistance of counsel because it wasn't raised in the district court. Now, there was a little bit of confusion when Mr. Carr was talking. There are two separate things. There is the Franks issue, and there's the failure to object to the magistrate's ruling. And the FPD, once they took over this case, they did a lot, and they scrambled about the failure to object. But the Court is, I mean, I think the Court was making the point that even if there is no objection to the reported recommendation, the district court still has an obligation to review it. So I understand that. Correct. But the lack of objection issue, that was talked about in the district court. What wasn't raised until much, much later in the litigation was the alleged deficiencies in this warrant. Well, that was the question I was trying to ask, is whether or not the good cause excuse for failing to object to the to file the motion to suppress, was that raised in the district court, the excuse for the untimely motion to suppress? Well, once again, there's two different things. There's two different things at issue. One is he failed to object. He failed to timely file objections to what the magistrate held. Well, I'm not talking about that. I'm talking, was there a motion to suppress ever filed? Oh, yes. And so that's what I'm talking about, the untimely motion to suppress. Right? Was there an untimely motion to suppress the evidence? There was a timely motion to suppress filed by Don Green. Prior counsel? Prior counsel. Okay. And then there was another motion to suppress filed by the Federal public defender once they took over the case, and it raised a different issue. Okay. And the timely motion to suppress, what issue was raised? The – what he said is a Franks hearing is required because the affidavit failed to disclose that no crime was committed. There was no evidence that Chamley committed the crime in Henderson where the search warrant was signed, and there was no factual basis to show PC. So those three issues were raised in the timely motion. Okay. And so now you're saying that the Federal public defender filed a subsequent motion to suppress after that. Yes.  The Federal public defender did not raise this Franks issue about the misrepresentations that they're pointing to on appeal. And I would submit to the Court that it is not appropriate for this Court on this record to address an ineffective assistance of counsel claim, the reason being that we have a procedure in place called 2255 that we're – Mr. Carr and I litigate these a great deal. We're very good at doing them. The process is set up to allow us to do them. And this Court should allow this case to run its course. Well, opposing counsel's argument is that you get to the same place anyway because you're going to look at the issue regarding whether an evidentiary hearing is required, whether you do it at 2255 or on direct appeal. What's your response? My response is there's a great deal of case law cited in my brief that says the Court is not going to reach the ineffective assistance claim because of the need to develop a record for what counsel's actions were, why counsel made the decisions that they decided to make, and what, if any, prejudice resulted. There's many, many, many cases that say that. There are rare exceptions when ineffectiveness is so obvious or when the record is sufficiently developed for this Court to address it on direct appeal. But that – it's just not this case. There's no reason – there's no basis for evaluating – for finding out why prior counsel took the actions that he took. And there's no basis really for figuring out why the FPD also chose not to raise this Franks issue that they have now referred to as gold and the best Franks issues they've ever seen. They didn't raise that in their subsequent motion to suppress. And this Court needs evidence before it can take the extraordinary step to say that a lawyer's conduct has – you know, there's a presumption in favor of the lawyer's conduct and it has fallen below the standard that a lawyer is held to. We cited in our brief the recent Supreme Court case, Harrington v. Richter, reiterating ineffective assistance is an extraordinary thing. It lets you escape the rules of waiver, and this Court should not grant it on this record. It shouldn't circumvent its – the procedure that we have in place for it evaluating this claim. The – if I could just point out one other – this is – we haven't talked about this in the argument so far, but I don't want to leave this without addressing it very briefly. In defense counsel's reply brief, they say, the government concedes the most damning search warrant allegation that Chanley represented he was using a pay site to download child pornography is false. I just want to clarify what happened. In Chanley's letter, he said, I used a pay site to try to find my son. In Detective Gillis's affidavit, what Detective Gillis said is, Ibarra provided Affion with a pay site to try to find my son.  Ibarra provided Affion with a pay site to try to find my son. He uses – he uses Chanley's alias, but this is the supplemental E.R. at 10. So he uses the alias Cianulli. That's Chanley's alias. Cianulli stated in the letter that the young boys included in his collection of pictures and using a pay site to find them. Now, it's not a grammatical sentence, but I would just point out to the Court that Gillis didn't falsely represent anything about a pay site. It's misleading. It is – I will grant you, it's a mistake, and he should not have – it's an inaccurate statement that he made. But he did not say that he used a pay site to download child pornography. It is a big jump from using a pay site to download pictures of – to – excuse me. And using a pay site to find pictures versus – to find pictures of young boys. Suddenly, using a pay site to find pictures of young boys becomes that I conceded that Detective Gillis said Chanley said he used a pay site to download pictures of child pornography. There's a big difference there. Look either way you slice it, that sentence is misleading. And I grant you that it is incorrect, but when you look at the difference between saying I used a pay site to find pictures of young boys and having that be in your affidavit and how, you know, whatever it was worth to the magistrate, to saying I used a pay site to download child pornography, it's quite a jump from one to the other. In the second suppression motion, the one raised by the public defenders, what was – what's the ground that they gave since it wasn't the ground that they're asserting now according to you? In the renewed suppression, the FPD, they did not request a Franks hearing in the renewed suppression motion, alleged that the warrant lacked PC and that the information in the warrant was stale. So they didn't seize upon this Franks gold, the best Franks claim ever made until appeal. And it's just the government asked the court not to address this claim on direct appeal. If there are no further questions. Here's not. Thank you, counsel. Rebuttal. Well, I wish I had more time. Well, shame on the government if the government believes that it is wrong what the agent said, because the magistrate judge in their R&R said in his factual findings that Chamley stated in his letter that the pictures were part of his collection and he used a pay site to find them. This is on ERR 5. The government never objected to that. If they believe that that was false, they had an ethical duty to correct it. In fact, they have an ethical duty to correct this problem, period. Is it correct that the issue that you are now saying you need the Franks hearing on was not raised in your supplemental suppression motion? Your Honor, the record is clear that my office believed wrongly or rightly, and this is on pages 265 to 266, our office said, Chamley is very concerned about this Franks issue. We don't believe it's preserved, but we believe that the district court has forbid us to relitigate it. And that's what the FPD says in court on pages 265 to 266. So the FPD believed that it could not go back and relitigate this Franks issue. One thing I want to make sure this Court knows before I run out of time is this issue was fully raised by Chamley. If you were told that you couldn't relitigate the Franks issue, why are you seeking to relitigate it? Because I'm relitigating it now just so that we have good cause to file the untimely Franks motion on appeal. And the government, they're trying to make this IAC. Are they literally saying that under 12e and Rule 59, when it says the court has good cause to excuse a untimely motion, that you can't appeal that? And how else would you determine what good cause is but the dynamics of what happened at the trial level? And when you look at the dynamics at the trial level, every equitable line says that this Court should reconsider this issue. The government, this is egregious misconduct. I mean, I can't even believe the government is ever trying to defend it. Shame on them. You look at the letters, you look at the affidavit. The affidavit is full of intentional falsehood. That should be correct. That's good cause to excuse the untimely filing. And the fact that Shanley tried so hard, if you look at this record, to bring this issue up. He knew it was an issue, and he finally did it. CR 105-109, that is the Franks motion. It is untimely. The judge said it couldn't be considered because it was out of time. CR 134, that is the real issue for this Court. That good cause determination was an abuse of discretion. This matter should be sent back for a Franks hearing, nothing more. Thank you. Thank you, Mr. Carker. Thank you to both counsels. The testis archi is submitted for decision by the Court. This Court stands in recess until 9 a.m. tomorrow morning.
judges: Tashima, Rawlinson, Cjj Rakoff (S. New York), Dj